UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Marco Thomas Moore, | ) | C/A No.: 6:12-cv-03101-GRA |
| | ) | Cr. No.: 6:09-cr-01005-GRA-1 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | (Written Opinion) |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on Petitioner Marco Thomas Moore's ("Petitioner") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Petition"). Respondent has filed a response to the § 2255 Petition and now moves for summary judgment. For the reasons stated herein, Petitioner's § 2255 Petition is DENIED and Respondent's Motion for Summary Judgment is GRANTED.

**Factual & Procedural Background**

On January 5, 2010, Petitioner entered a conditional guilty plea to charges of (1) possession with intent to distribute five grams or more of cocaine base, cocaine, and a quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), and (b)(1)(D); (2) carrying a firearm in relation to, and in furtherance of, a drug trafficking crime and aiding and abetting in violation of 18 U.S.C. § 924(c)(1)(A) and 2; and (3) being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). Prior to the plea, the Court, Honorable Henry F. Floyd presiding, held a hearing on Petitioner's Motion to Suppress and denied the Motion. Petitioner was sentenced to a term of 120 months imprisonment: 60 months on Counts

One and Three to run concurrently, and 60 months on Count Two to run consecutively. The Court also imposed five years of supervised release. Petitioner appealed the final judgment, and the Fourth Circuit issued a mandate affirming the District Court on November 30, 2011.

Mr. Darren S. Haley began representing Petitioner at the trial level on October 26, 2009, after the Court relieved previously appointed counsel Ms. Jessica Salvini. Mr. Haley also represented Petitioner on appeal. Petitioner filed the instant § 2255 Petition on October 23, 2012, seeking to vacate, set aside, or correct his current sentence on the ground of ineffective assistance of counsel.[1] ECF No. 134. Respondent filed a Response in Opposition to the § 2255 Petition and a Motion for Summary Judgment on December 3, 2012. ECF Nos. 137 & 138. This Court sent Petitioner an order pursuant to *Roseboro v. Garrison*, 428 F.2d 309 (4th Cir. 1975), explaining the summary judgment process and instructing Petitioner that he had thirty-four days to respond to the Motion. ECF No. 139. Petitioner did not file a response to the Summary Judgment Motion; however, he filed an Amended Memorandum in Support of the §2255 Petition on December 17, 2012. ECF No. 141-1.

**Standard of Review**

Petitioner brings this Petition *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The liberal construction requirement does not mean that a court can ignore a clear failure to allege facts that set

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to the prison mailroom for forwarding to the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *see Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *see Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, Section 2255 provides that a prisoner in custody under a federal court's sentence may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. The court may grant relief on the following grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, a petitioner must prove these grounds by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 546 (4th Cir. 1958) (per curiam).

In deciding a petition under § 2255, the court need not hold a hearing if the petition and the case record "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Moreover, if the petition, its attachments and the record plainly show that the prisoner is not entitled to relief, the court must dismiss the motion. Rule 4(b), Rules Governing § 2255 Proceedings for the U.S. Dist. Cts.

Here, Respondent has filed a Motion for Summary Judgment. The issue in determining a motion for summary judgment is whether there exists a genuine issue of

material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 317.

## Discussion

Petitioner alleges that his attorney rendered ineffective assistance of counsel at a suppression hearing contesting a search of Petitioner's residence. Specifically, Petitioner argues that at the hearing, his "counsel's performance fell below the standard of reasonableness because he stipulated to the court that [the police officer] had the right to proceed to the side of the home within the curtilage for his safety which conceded that [the police officer] had a right to go around the house." Pet'r's Am. Mem. in Supp. 18, ECF No. 141-1.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness; and (2), that but for his counsel's deficiencies, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to reasonableness, the court must determine the reasonableness of the challenged conduct on the facts of the particular case at the time of the attorney's conduct. *Id.* at 690.

The attorney's conduct must be "within the realm of competence demanded of attorneys in criminal cases." *Id.* at 687. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 689. (directing that "[j]udicial scrutiny of counsel's performance must be highly deferential.").

As for prejudice, a petitioner has the burden of proving that the alleged deficiencies were, in fact, prejudicial to the outcome of the proceeding. *Id.* at 694. He must demonstrate that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Id.* at 693. Thus, even if counsel's performance falls outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error likely had no effect on the judgment. *Id.* at 694. A court need not make a determination concerning the attorney's performance if it is clear that no prejudice resulted. *See id.* at 697.

In this case, Petitioner argues that his Fourth Amendment rights were violated when an officer responding to a domestic disturbance call looked through a broken window in Petitioner's house and saw what he believed to be drugs and a gun. Pet'r's Am. Mem. in Supp. 12, ECF No. 141-1. The officer called for back-up and subsequently entered the house with other officers. Mem. in Supp. 12. After making arrests, the officer obtained a search warrant for the premises. Suppression Hr'g Tr. 33, July 20, 2010, ECF No. 81. Petitioner alleges that the evidence obtained pursuant to the search should have been suppressed and that his counsel did not argue this point at the

suppression hearing. Pet'r's Am. Mem. in Supp. 19, ECF No. 141-1. Petitioner contends that the officer's "conduct in proceeding to the window within the curtilage cannot be justified as concern for his safety because nothing in the circumstance would lead a reasonable person to believe there was immediate danger to either himself or the occupants of the residence." *Id.* at 16.

Construing Petitioner's Petition liberally, the Court finds that Petitioner's claim of ineffective assistance of counsel is without merit. Petitioner has failed to show that his attorney's conduct fell below an objective standard of reasonableness. The transcript from the suppression hearing reveals that Petitioner's counsel cross-examined the testifying officer about the events that led to the seizure of evidence from the residence, including why the officer did not knock on the front door, and why he looked into the window:

> Mr. Haley: Okay. And when you started to hear conversation in the residence, was it yelling and screaming or did it appear just to be general conversation?
> Officer Ayers: It was just general conversation.
> Mr. Haley: So at that point then that would dictate that there was not a disturbance going on in the house . . . .
> Mr. Haley: Deputy, listen to my question. At the point you heard the general conversation you had an opportunity to go back to the front of the door and knock and make contact; is that correct?
> Officer Ayers: Sir, I had the opportunity to walk to the front door as soon as I got out of my vehicle, but I chose not to for officer safety reasons. . . .
> Mr. Haley: . . . is it fair to say that the likelihood of danger is decreasing, because one, the code you had responded to says that the alleged perpetrator is not there . . . would that let you think that perhaps this is under control?

Suppression Hr'g Tr. 39–40, July 20, 2010, ECF No. 81. Petitioner's attorney questioned the officer extensively about the circumstances that led to him looking into the window. Furthermore, Petitioner's counsel argued at the hearing that the officer's conduct violated Petitioner's right to privacy:

> This deputy took that a step further and that's where our issue is where he exceeded the scope of his call as he – and we argued about the curtilage . . . This is not an open window with no cover, nothing. This is – certainly there was expectation to privacy because the blinds were pulled even though there is a hole there . . . I think that's where he exceeded the scope of his response to that call. [T]he court can see if you're standing there and you look at that window, unless you walk up to the window . . . you cannot see in there, so it is requiring an effort and an intent to see inside of something that is deemed to an expectation of privacy.

Hr'g Tr. 53–54, 57. Judge Floyd specifically held that the officer's conduct in circling the home was reasonable:

> I think given the circumstances that he saw broken windows, it heightened the need for the officers to protect themselves. Officer Ayers had no way of knowing that whether the perpetrator had returned to the premises or not . . . I think he acted reasonably in trying to determine if anybody was in the house and I think the broken windows . . . where the blind was up it would be reasonable for somebody to - - for an officer to take a closer look. And I think that's what he did in the case, so I would deny the motion to suppress.

Hr'g Tr. 62.

Petitioner's attorney argued before the Court that Petitioner's Fourth Amendment rights had been violated and that the evidence obtained pursuant to the search should be suppressed. Despite counsel's efforts on behalf of Petitioner, the Court denied Petitioner's Motion to Suppress. Counsel vigorously represented Petitioner and did not act below an objective standard of reasonableness simply because the Court ruled against Petitioner. Moreover, Petitioner was not prejudiced by his counsel's actions; therefore, the Court finds that Petitioner's claim of ineffective assistance of counsel is without merit.

**Conclusion**

A review of Petitioner's § 2255 Petition and the record plainly shows that Petitioner is not entitled to relief. Therefore, this Court shall deny the Petition without a hearing. The Court declines to issue a certificate of appealability in this matter.[2]

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

**IT IS FURTHER ORDERED** that Respondent's Motion for Summary Judgment is GRANTED, and that this matter is DISMISSED with prejudice.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

January 16, 2013
Anderson, South Carolina

---

[2] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. §§ 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473 (2003) (holding that, to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").